UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA A. MOORE/BARBARA ANN MOORE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | Case No.:  21cv976 DMS (LL)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint along with a request to proceed *In Forma Pauperis* and a request for appointment of counsel.

**Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.  *See* 28 U.S.C. § 1914(a); Civil Local Rule 4.5.  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  This Court finds Plaintiff's affidavit of assets is sufficient to show she is unable

to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(d). Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Here, Plaintiff's Complaint consists of twenty-six pages of typed and handwritten allegations, and another eighty-plus pages of exhibits. The allegations and exhibits cover a wide range of topics, including identity theft, insurance fraud, government surveillance, false imprisonment, civil rights violations, cyberbullying and mail theft. However, Plaintiff's legal claims are unclear, and it is unclear what facts she relies on to support any of her alleged claims. Absent clarification on these issues, Plaintiff's Complaint is subject to dismissal for failure to state a claim, at a minimum.

**Conclusion and Order**

In light of the above, Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED** without prejudice for failure to state a claim.[1] Plaintiff is granted leave to file a First Amended Complaint that cures the pleading deficiencies set out above. Plaintiff is also reminded of the requirements of Federal Rule of Civil Procedure 8(a). If Plaintiff wishes to file a First Amended Complaint, she shall do so on or before **August 20, 2021**.

**IT IS SO ORDERED**.

Dated: August 5, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] In light of this ruling, Plaintiff's request for appointment of counsel is denied.